JEREMIAH WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 74090, 74688. Promulgated January 29, 1935.

*John W. Townsend, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, and *R. S. Garnett, Esq.*, for the respondent.

OPINION.

SMITH: These proceedings, consolidated for hearing, are for the redetermination of deficiencies in income tax for 1930 and 1931 of $547.91 and $713.46, respectively.

These proceedings involve a single issue common to both appeals, namely, whether the annual salary of $6,000 received by the petitioner from the town of Hempstead as " Counsellor to the Town Board " is subject to income tax.

The town of Hempstead, New York, is a municipal corporation and a political subdivision of the State of New York. It is not just a town in the sense of being a village, but is a township with over 200,000 inhabitants, with property assessed at a value of approximately $500,000,000 and with an annual budget of about $1,500,-000 during the years in question. The town is subject to the New York Town Law. The governing body of the town of Hempstead is

the town board which, during the years in question, consisted of seven members elected by the people.

Section 135–A of the New York Town Law as originally passed in 1923 (ch. 138, Laws of 1923) read:

The town board may, when in its judgment the interest of the town demands, employ an attorney, who shall be entitled to receive a reasonable compensation for his services to be fixed by the town board, which shall be a town charge.

In 1924 the attorney general of the State of New York held (1924 Report of Attorney General, p. 254) that under this law the town board might *employ* an attorney but could not *appoint* one for a definite term. His opinion states:

But from a reading of this section, it is clear that the Legislature did not intend to permit the appointment by the town board of any attorney at an annual salary. The language of the statute points directly to the contrary. In the first place, the phrase " employ an attorney " is used (and not " appoint an attorney "). The terms " employ " and " appoint " are differentiated. Black's Law Dictionary defines *employ* as meaning " to engage one's service " while it defines *appointment* as " the selection or designation of a person or persons having authority therefor to fill an office or public function and discharge the duties of the same." In the next place, the words " receive a reasonable compensation for his services " are used instead of the term " salary." Compensation is defined by Black as the " remuneration or wages given to an employee or officer, but it is not exactly synonymous with salary." *People* v. *Wemple*, 115 N. Y. 302.

While Black defines salary as being " a fixed periodical compensation, amounting to so much by the year, month or other fixed periods to be paid to public officers, etc."

It is therefore, my opinion that a reasonable construction of this section would compel the conclusion that the town board is empowered to employ an attorney and that his pay shall be determined by the actual service performed; the value of such service or services to be fixed after the rendition of the same and by audit of the town board. He shall not be appointed for a fixed term or at an annual or monthly salary.

Thereafter, in 1926, section 135–A of the New York Town Law was amended (ch. 488, Laws of 1926), effective April 17, 1926, to read:

Attorney. The Town Board may, when in its judgment the interest of the town demands, employ or appoint an attorney, who shall be entitled to receive a reasonable compensation or salary for his services to be fixed by the Town Board, which shall be a town charge.

Pursuant to the above provision of law the town board of the town of Hempstead on May 4, 1926, passed the following resolution:

RESOLVED that the resolution heretofore adopted by this Board on the 30th day of March 1926, appointing Town Counsel be and the same hereby is rescinded and it is further

RESOLVED that WHEREAS in the judgment of the members of the Town Board of the Town of Hempstead, the Public interest of the Town demands the ap-

pointment of Town Counsel, Now THEREFORE, pursuant to the authority granted in Section 135–A of the Town Law, be it

RESOLVED that the position of Counsellor to the Town Board of the Town of Hempstead, be and the same hereby is created and established and that JEREMIAH WOOD be and he hereby is retained as Counsel to the Town Board of the Town of Hempstead, at an annual salary of Six Thousand ($6,000.00) Dollars, beginning April 19th, 1926, payable semi-monthly, and be it further

RESOLVED that the Presiding Supervisor be and he hereby is authorized to transfer the sum of Forty five hundred ($4500.00) Dollars from surplus funds to Supervisors funds to meet the salary as fixed above.

The petitioner accepted appointment pursuant to the resolution of the town board in 1926 and has continuously since that date acted as " Counsellor to the Town Board " of the town of Hempstead. In entering upon his duties the petitioner did not take any oath of office, as the town law did not then require an oath; nor did the petitioner take any oath of office until after 1931.

The petitioner, as " Counsellor to the Town Board ", was under the direction and control of the town board. His duties were prescribed by the town board by resolution or other action.

Petitioner is an attorney, residing at 250 Fulton Avenue, Hempstead, Nassau County, New York, and is a member of the law partnership of Wood & Gehrig of that town, receiving one half of the profits thereof.

The petitioner entered into no contract, oral or written, with the town board respecting his compensation or respecting his duty as counsel. He was not employed on any particular matter or to do any specific legal work, but in general to do the legal work of the town. The duties which attached to his position and which he fulfilled were to attend the town meetings, to prepare resolutions and ordinances, to represent the town in connection with all claims made against it, to interpret the laws appertaining to various divisions and departments of the town, to give advice to the officials of the town, to enforce the town's ordinances in the courts, and generally to perform all the legal services which a town of that size and nature might require of its principal legal officer. He was at the beck and call at any time of any town official. During the tax years in question the petitioner was the only counsel for the town except that there was one particular matter in which the town employed special counsel. If litigation went beyond the justice of the peace and the petitioner was employed to represent the town's interest in such legal matter, the petitioner received additional compensation.

Matters involving litigation, usually growing out of highway accidents, were not handled by the petitioner as counsellor to the town board, but were handled by the petitioner's law firm, his partner, Gehrig, having charge of trial work. Fees received in such litigated cases were included in the income of the partnership and no exemp-

tion is claimed with respect thereto. The amount of such fees was not large.

The petitioner's services were continuous and regular, and of a routine and recurrent character. He held his position at the pleasure of the town board and could have been removed by such board at any time. His salary was included in the regular town budget, along with the salaries of other officials and employees of the town. He received his pay check semimonthly at the same time as other town officials and employees. His salary was subject to the retirement deductions of the New York State Retirement Act and between $70 and $80 was withheld from his salary each month as his contribution to the retirement fund.

Under his appointment he was free, subject to the call of the town board, to engage in private practice. During the year 1931 his gross receipts from the practice of law, received as a part of his share of the net income of the firm of Wood & Gehrig, were $73,000. It was approximately the same for the year 1930. This sum was exclusive of the $6,000 received as compensation from the town board. Junior members of the petitioner's firm were frequently engaged in the preparation of opinions on legal questions involving the town and its various districts. These employees were paid by the firm of Wood & Gehrig and under their supervision. All of the work done by the petitioner for the town was done in the petitioner's law offices, the town providing no offices or assistants of any kind for the petitioner.

Petitioner gave about one third of his time to the legal work of the town.

In his income tax returns for 1930 and 1931 the petitioner did not include his salary of $6,000 per annum received from the town of Hempstead. He claimed that it was not subject to income tax. The respondent has added to the net income reported by the petitioner for each of the years 1930 and 1931 the $6,000 salary received by him as counsellor to the town board.

There is no provision of the Revenue Act of 1928 specifically exempting from income tax the salary received by the petitioner. If the salary is not subject to income tax, that fact must rest upon constitutional limitation. *Helvering* v. *Powers*, 293 U. S. 214.

Article 643 of Regulations 74, issued under the provisions of the Revenue Act of 1928, provides in part:

Art. 643. *Compensation of State officers and employees.*—Compensation paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, including fees received by notaries public commissioned by States, is not taxable. Compensation received for services rendered to a State or political subdivision thereof is included in gross income unless (*a*) the person receives such compensation as an officer

or employee of a State or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function. The commissions of receivers appointed by State courts are subject to tax for 1928 and subsequent taxable years.

An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary. * * *

With respect to this regulation the Supreme Court, in *Helvering* v. *Powers, supra,* said:

* * * But the Treasury Department could not by its regulation either limit the provisions of the statute or define the boundaries of their constitutional application. * * *

In the above cited case the Court stated that the question whether the Congress has the constitutional power to impose an income tax upon the compensation of public officers is not to be answered " by mere terminology." Instead of using the test laid down in the above cited Treasury regulations of " essential governmental function ", the Court used the test of " the usual governmental functions that are immune from federal taxation in order to safeguard the necessary independence of the State."

In *Powers* v. *Commissioner,* 68 Fed. (2d) 634, it was stated:

* * * It has long been established that, in our curious, dual government, neither sovereign could tax the pay of officers of the other. *Dobbins* v. *Commissioner,* 16 Peters 435; *Buffington* v. *Day,* 11 Wall. 113; *Metcalf & Eddy* v. *Mitchell, Adm'x.,* 269 U. S. 514. In the case last cited, it was said, " It is on this principle that, as we have seen, any taxation by one government of the salary of an officer of the other * * * is prohibited." * * *

If the petitioner during the tax years in question was an officer of the town of Hempstead and the $6,000 annual compensation to him was the salary received as such officer, we think that no question could be raised but that such salary was not subject to income tax. The petitioner argues that he was an officer of the town of Hempstead.

In *Metcalf & Eddy* v. *Mitchell,* 269 U. S. 514, it was said:

An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its terms, its duties and its compensation. [Citing cases.] * * *

In *Helvering* v. *Powers, supra,* it was said:

* * * The term " public office " undoubtedly implies a definite assignment of public activity, fixed by appointment, tenure and duties. * * *

Whether the petitioner held a " public office " with the town of Hempstead during the tax years in question is, we think, unnecessary

to determine. He was at least an employee of the town within the meaning of the Commissioner's regulations and was engaged in performing " usual governmental functions."

We think that this case is sharply differentiated from that of *Commissioner* v. *Murphy*, 70 Fed. (2d) 790, in which the court stated:

> * * * If the respondent [Murphy] was an officer or employee of the State, his pay as such was immune from federal taxation; but if he was merely employed as a legal counsel in a special case, the compensation paid for his services must be included in taxable income. * * *

The court held that Murphy was essentially an independent contractor, since he was employed as legal counsel in a special case. Such is not the situation which obtains in these proceedings. The petitioner's duties were multifarious and continuous. The town board might have required all of this time. The fact that his duties as counsellor to the town board took only a portion of his time is immaterial.

On its material facts this case is not distinguishable from *Blair* v. *Mathews*, 29 Fed. (2d) 892, and *United States* v. *Butler*, 49 Fed. (2d) 52.

We sustain the contentions of the petitioner.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*